IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| DIANA BANKS, PATRICIA JOSEPH, MERLE PENHA-MURPHY, ALOMA BARNABAS and FRANKLIN BARNABAS, | ) ) ) ) ) | Civil Nos. 2002-200 |
| Plaintiffs, | ) ) | 2002-201 2002-202 |
| v. | ) ) | 2002-203 |
| INTERNATIONAL RENTAL AND LEASING CORP. d/b/a BUDGET RENT A CAR, | ) ) ) ) |  |
| Defendant. | ) ) |  |

ATTORNEYS:

**Robert L. King, Esq.**
**Francis E. Jackson, Jr., Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiffs*.

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
   *For the defendant*.

## MEMORANDUM OPINION

Before the Court is the motion of defendant, International Rental and Leasing Corp. d/b/a Budget Rent A Car ("Budget"), for summary judgment against Diana Banks, Patricia Joseph, Merle Penha-Murphy, Aloma Barnabas and Franklin Barnabas (collectively, the "Plaintiffs").

### FACTS

The above-captioned consolidated cases arise out of an

*Banks, et al. v. Intl. Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 2

automobile accident. On April 20, 2002, Franklin Barnabas rented a 2000 Mercury Villager ("mini-van") from Budget. The next day, Barnabas' sister-in-law, Diane Dewindt, was driving the mini-van down Raphune Hill. While descending the hill, Dewindt tried, without success, to apply the brakes. Dewindt then steered the mini-van off of the main road and into an up-hill driveway where the mini-van collided with a tree. With the exception of Franklin Barnabas, all of the Plaintiffs and Zyanguelyn Poe[1] were passengers in the vehicle at the time of the accident.

The Plaintiffs then brought suit against Budget raising general allegations of liability, breach of contract, and loss of consortium. In their complaint, the Plaintiffs allege that the brake system in the mini-van was the direct and proximate cause of the accident.

On September 24, 2007, Budget filed a motion for summary judgment on the negligence and strict liability claims. In that motion, Budget argued that the brake booster is not a maintenance and repair part and therefore there could be no failure to warn by Budget because it was unaware of any defect with the brake booster. On the strict liability claim, Budget argues that it

---

[1] Dewindt and Poe are not parties to this action. Dewindt filed her lawsuit in the Superior Court, and Poe filed her lawsuit in Maryland.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 3

cannot be held strictly liable for leasing a defective product. Thereafter, on November 21, 2007, Budget filed a supplemental motion for summary judgment on the negligence claims in Count III.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there are no "genuine issues of material fact," but once this burden is met the non-moving party must establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In making this determination, the Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002).

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 4

**ANALYSIS**

**1. Negligence claims**

Count I of the Plaintiffs' complaint can be construed to allege a cause of action for failure to warn. Pursuant to Section 408 of the Restatement[2] (Second) of Torts, where chattel is intended for immediate use, the lessor owes a duty to the person who may use the chattel to make it safe for him or to warn him of any danger.[3] A cause of action under Section 408 sounds in negligence. *See Speyer, Inc. v. Humble Oil & Refining Co.*, 403 F.2d 766, 772 n. 10 (3d Cir. 1968)(noting that section 408 "specifically [deals] with the liability of 'lessors of chattels,' and are based not on strict liability, but on general

---

[2] Absent local law to the contrary, the Restatements provide the substantive law of the Virgin Islands. 1 V.I.C. § 4; *see also Government of the Virgin Islands, Bureau of Internal Revenue v. Lansdale*, 172 F. Supp. 2d 636, 645 (D.V.I. 2001).

[3] Section 408 provides:

> One who leases a chattel as safe for immediate use is subject to liability to those whom he should expect to use the chattel, or to be endangered by its probable use, for physical harm caused by its use in a manner for which, and by a person for whose use, it is leased, if the lessor fails to exercise reasonable care to make it safe for such use or to disclose its actual condition to those who may be expected to use it.

Restatement (Second) of Torts § 408.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 5

principles of negligence."). The elements of a negligence suit are well established: duty, breach of duty, causation and damages. *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004).

Budget argues that it did not have knowledge of any brake failure that would trigger a duty to warn the Plaintiffs. In support of this argument, Budget submitted the affidavit of Alphonso Rogers, a mechanic and the General Manager at Budget Service Super Service Center. In his affidavit, Rogers stated that Budget purchased the mini-van new from Ford Motor Company. (Rogers Aff. ¶ 4). Rogers also stated that up to the day of the accident, Budget was unaware of any problems with the brake booster on the mini-van. (Rogers Aff. ¶ 5). Rogers further stated that the brake booster "is not an item that needs to be inspected, maintained or serviced, as per the manufacturer." (Rogers Aff. ¶ 7). Finally, Rogers asserts that there is no advance warning in the rare instance where a brake booster fails. (Rogers Aff. ¶ 8).

Budget also provided the deposition testimony of Alan Weckerling, the Plaintiffs' designated liability expert on brake failure. In his deposition, Weckerling testified that the brake booster was the only defect in the brake system. (Weckerling Dep.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 6

10:14-16, Nov. 2, 2007).  Weckerling stated that he was not familiar with any owner's manuals that advised the owner to check the brake booster, and that most individuals do not know that they should check their brake booster.  (Weckerling Dep. 30:4-31:10).  Finally, Weckerling acknowledged that his reports do not claim that Budget was negligent in failing to do anything with respect to the brake booster.  (Weckerling Dep. 31:7-9).

These facts have not been disputed by the Plaintiffs.  In its motion, Budget essentially argues that it cannot be held liable for failure to warn because it had no actual or constructive knowledge of any brake failure.  Knowledge is an integral part of a failure to warn cause of action.  *See Fire Ins. Exch. v. Electrolux Home Prod.*, No. 05-70965, 2006 WL 2925286 (E.D. Mich. Oct. 11, 2006)("To prevail on a failure to warn claim, a plaintiff must show that [the defendant]: 1) had actual or constructive knowledge of the alleged danger; 2) had no reason to believe that consumers would know of this danger; and 3) failed to exercise reasonable care to inform consumers of the danger.").

Here, the undisputed facts indicate that there was no prior knowledge of any defect with the brake booster.  Without this knowledge, Budget cannot be liable for failure to warn. *See,*

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 7

*e.g., Waering v. BASF Corp.*, 146 F. Supp. 2d 675, 685-686 (M.D. Pa. 2001)(granting summary judgment on a failure to warn claim under Section 388 where there was no evidence presented to show that the defendant knew or had reason to know about danger).

In Count III, the Plaintiffs also allege various theories of negligence against Budget.  Specifically, Count III states

> That the injury and damages suffered by the Plaintiffs were the direct and proximate result of the negligence of the Defendant in either the repair of the subject vehicle, the failure to repair, the failure to regularly maintain the braking system, or the failure to discover the defect prior to leasing or renting the vehicle in the ordinary course of Defendant, Budget's business.

(Comp. at ¶ 25).  The fact that the brake booster is not a service, maintenance, or repair item is not disputed by the Plaintiffs.  As such, the Plaintiffs have failed to show that there is a genuine dispute of material fact as it relates to Count III.  Accordingly, summary judgment must be entered in favor of Budget on this count.

**2.  Strict liability claim**

Count I of the Plaintiffs' complaint can also be construed to allege a claim of strict product liability against Budget.  To this end, Budget incorporated by reference the arguments made in its July 28, 2005, motion for summary judgment.  In that motion,

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 8

Budget argued that the Restatement (Second) of Torts § 402A[4] provides the substantive law of products liability in the Virgin Islands. Budget argued that under Virgin Islands case law interpreting section 402A, a strict product liability suit could not be maintained against a lessor. The application of section 402A to this matter is disputed by the parties.

Section 402A is the controlling law on products liability in the Virgin Islands. *See Manbodh v. Hess Oil V.I. Corp.*, 47 V.I. 215, 242 (noting that "...it is apparent that ... the Restatement

---

[4] Section 402A states:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
> > (a) the seller has exercised all possible care in the preparation and sale of his product, and
> >
> > (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 9

(Second) of Torts section 402A [supplies] the substantive law for products liability actions in this jurisdiction.").[5] Under section 402A, an action for strict product liability cannot be maintained against a lessor of chattels. *See Pynes v. American Motors Corp.*, 19 V.I. 278, 280 (1982)(holding that lessors of chattel cannot be held strictly liable under section 402A).

Here, Budget leased the minivan to Franklin Barnabas. As a lessor, a strict liability action for product liability cannot be maintained against Budget. As such, to the extent the Plaintiffs allege a claim of strict product liability against Budget, Budget is entitled to summary judgment on that count.

### 3. Loss of consortium claim

Plaintiff, Franklin Barnabas, has also alleged a loss of consortium claim against Budget due to the injuries of his wife,

---

[5] The Plaintiffs argue that the Restatement (Third) of Torts, as the latest version of the restatements, is the controlling law on products liability in the Virgin Islands. However, the Plaintiffs have not provided any legal support for their argument. Indeed, they are unable to do so. It is axiomatic that the Restatements provide the substantive law in the Virgin Islands absent local laws to the contrary, where local laws include legislation and case law. *Fuentes v. Fuentes*, 247 F. Supp. 2d 714, 720 n. 7 (D.V.I. 2003) (citing *Moore v. A.H. Riise Gift Shops*, 659 F. Supp. 1417, 1423 (D.V.I. 1987). As section 402A has received widespread acceptance in Virgin Islands courts, it is considered a local law. *See Manbodh*, 47 V.I. at 242 (discussing the application of section 402A as opposed to the Restatement (Third) of Torts in the Virgin Islands).

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 10

Aloma Barnabas.  A loss of consortium claim is a derivative claim, dependant upon the existence of tortious conduct on the part of the defendant. *See McKinnon v. Gonzales,* Civ. No. 07-1694, 2008 WL 305590 (D.N.J. Jan. 30, 2008); *see also Benjamin v. Cleburne Truck & Body Sales, Inc.*, 424 F. Supp. 1294, 1299 (D.V.I. 1976)(noting that "a spouse may maintain an action for loss of consortium against a . . . tortfeasor where said [tortfeasor] has caused the other spouse to suffer bodily injuries").

Consequently, where there is no tort liability, a plaintiff's loss of consortium claim must fail.  *See, e.g., Murray v. Commercial Union Ins. Co. (Commercial)*, 782 F.2d 432, 438 (3d Cir. 1986)(affirming district court's dismissal of wife's loss of consortium claim where the defendants were not liable to the husband in tort); *see also Chelcher v. Spider Staging Corp.*, 892 F. Supp. 710, 718 (D.V.I. 1995)(dismissing the wife's loss of consortium claim where the defendant prevailed on motion for summary judgment).  Accordingly, while there is no pending motion to dismiss Franklin Baranbas' claim for loss of consortium, that claim, standing alone, must fail. *See, e.g., Bushman v. Halm*, 798 F.2d 651, 656 n.8  (3d Cir. 1986)(holding that although the district court did not address the loss of consortium claim, because the claim was derivative of the underlying tort claim,

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 11

"it was necessarily dismissed with the grant of summary judgment").

### IV. CONCLUSION

For the foregoing reasons, Budget is entitled to summary judgment on the negligence counts. As such, the derivative claim for loss of consortium will be dismissed. To the extent the Plaintiffs allege a claim of strict product liability against Budget, summary judgment will be granted in favor of Budget on that claim. An appropriate order will follow.

Dated: February 13, 2008            S/_____
                                         Curtis V. Gómez
                                         Chief Judge