**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| DIANA BANKS, PATRICIA JOSEPH, MERLE PENHA-MURPHY, ALOMA BARNABAS and FRANKLIN BARNABAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Nos. 2002-200 2002-201 2002-202 |
| v. | ) ) | 2002-203 |
| INTERNATIONAL RENTAL AND LEASING CORP. d/b/a BUDGET RENT A CAR, | ) ) ) ) | |
| Defendant. | ) ) | |

ATTORNEYS:

**Robert L. King, Esq.**
**Francis E. Jackson, Jr., Esq.**
St. Thomas, U.S.V.I.
  *For the plaintiffs.*

**Michael J. Sanford, Esq.**
St. Croix, U.S.V.I.
  *For the defendant.*

**MEMORANDUM OPINION**

Before the Court is the motion of defendant, International Rental and Leasing Corp. d/b/a Budget Rent A Car ("Budget"), for summary judgment against Diana Banks, Patricia Joseph, Merle Penha-Murphy, and Aloma Barnabas(collectively, the "Plaintiffs").

**FACTS**

The facts of this case have previously been discussed in

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 2

this Court's Memorandum Opinion dated February 13, 2008. The relevant facts to this motion are briefly summarized below.

On April 20, 2002, Franklin Barnabas rented a 2000 Mercury Villager ("mini-van") from Budget. The next day, Diane Dewindt ("Dewindt"), while driving the mini-van, was involved in a car accident while descending Raphune Hill. With the exception of Franklin Barnabas, all of the Plaintiffs and Zyanguelyn Poe[1] were passengers in the vehicle at the time of the accident.

The Plaintiffs filed suit against Budget alleging, *inter alia*, negligence, strict product liability, and breach of warranty. Budget filed a motion for partial summary judgment on the negligence and strict liability counts. In that motion, Budget argued that the Restatement (Second) of Torts, section 402A presents the substantive law of the Virgin Islands on strict liability, and under that section, a lessor cannot be held strictly liable. This Court granted Budget's motion for summary judgment.

---

[1] Dewindt and Poe are not parties to this action. Dewindt filed her lawsuit in the Superior Court, and Poe filed her lawsuit in Maryland.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 3

Budget now seeks summary judgment on the remaining count, Count II.[2] Budget argues that to the extent Count II alleges a breach of warranty claim, that claim must fail. Budget also argues that there was no privity of contract between Dewindt and Budget.

In support of its argument, Budget has provided the rental agreement between Budget and Franklin Barnabas. The rental agreement designates Franklin Barnabas as the renter. The rental agreement also provides for protection for injured passengers in certain circumstances:

> **5) PERSONAL INJURY AND PROPERTY DAMAGE IF THERE IS NOT VIOLATION OF A USE RESTRICTION . . ., BUDGET PROVIDES PROTECTION FOR BODILY INJURY (INCLUDING DEATH) AND PROPERTY DAMAGE RESULTING FROM USE OR OPERATION OF THE VEHICLE AS FOLLOWS:**
> **A. BUDGET'S PROTECTION DOES NOT APPLY until after exhaustion of all insurance and/or other protection available to the driver of the Vehicle and/or any injured passenger in the Vehicle . . ..**

(Supplement to Motion for Partial Summary Judgment on Plaintiffs' Claim for Breach of Contract, Ex. 2, Rental Agreement ¶ 5)

---

[2] The Court must also note to the parties that Rule 56.1 of the Local Rules of Civil Procedure sets forth the appropriate procedures for filing a motion for summary judgment. That section provides that a motion for summary judgment must be accompanied by a separate statement of the material facts which the moving party contends there is no genuine issue. Rule 56.1 also provides that the material facts must be serially numbered and supported by citations to the record. LRCi 56.1. Moreover, these procedures are also required for the filing of an opposition to the motion for summary judgment.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 4

("Rental Agreement")(emphasis in original). Paragraph three of the agreement addresses use restrictions. It states:

> **3) USE RESTRICTIONS: The Vehicle will not be used or operated by anyone**:
> A. who is not an Authorized Driver. . .

*Id*. The front of the agreement states in prominent print:

> . . . POLICY AS STATED IN PARAGRAPH 2 ON REVERSE SIDE OF CONTRACT REGARDING AUTHORIZED DRIVERS IS NULL AND VOID. ANY ADDITIONAL DRIVER MUST BE PRESENT AT THE TIME OF RENTAL, MUST QUALIFY, AND MUST SIGN THIS AGREEMENT."

*Id.*[3] The space provided for additional drivers on the front of the rental agreement states "NONE AUTHORIZED." *Id*.

### DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there are no

---

[3] Paragraph 2 of the rental agreement provided that the renter's spouse and the renter's employee, employer, or co-worker while engaged in a business activity with the renter qualified as authorized drivers. However, this statement on the front of the agreement voids this provision.

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 5

"genuine issues of material fact," but once this burden is met the non-moving party must establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In making this determination, the Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002).

## ANALYSIS

Count II of the Plaintiffs' complaint generally alleges breach of express and implied warranty claims against Budget:

> . . . Defendant contracted with Franklin Barnabas, either expressly or implied, to provide for his use an automobile free of both latent and other defects, which created an unreasonable risk of injury to him, his passengers, or other intended beneficiaries of the contract of rental.
>
> . . . when Defendant Budget provided to Plaintiffs a vehicle with a flawed and defective breaking system, that act constituted a breach of contract and a breach of duty owed to one in the position of the Plaintiffs, thereby entitling them to maintain this claim for relief.

(Comp. at ¶¶ 21-22).

To prevail on a breach of express warranty claim, the plaintiff must show: (1) the defendant made a warranty; (2) the

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 6

goods did not comply with the warranty; (3) the plaintiff suffered injury proximately caused by the defective goods; and (4) damages. *See In re Merritt Logan, Inc.*, 901 F.2d 349, 363 (3d Cir. 1990)(stating the elements for a breach of warranty claim).

On a claim for breach of implied warranty of merchantability, the plaintiff must prove: (1) the goods at issue were leased by a merchant; (2) the goods were not merchantable at time of lease; (3) plaintiff suffers injury as a result; (4) lessor had notice of the injury. *See Clime v. Dewey Beach Enters., Inc.*, 831 F. Supp. 341, 349 n.5 (citing *Freedman v. Chrysler Corp.*, 564 A.2d 691, 697 (Del. Super. Ct. 1989)(stating the elements for breach of implied warranty of merchantability in a sale context)).

Budget argues that to the extent Count II is construed as a tort-based breach of warranty claim, that claim must fail.  Under the Uniform Commercial Code - Leases, V.I. Code Ann. tit. 11A, § 2A-101, *et seq* ("Article 2A"), damages for a breach of warranty claim extends to personal injury claims.  Section 2A-519 provides:

> (4) Except as otherwise agreed, the measure of damages for breach of warranty is the present value at the time and place of acceptance of the difference between the value of the use of the goods accepted and the value if they had been as warranted for the lease term, unless special circumstances show proximate damages of a different amount, together with incidental and

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 7

>       consequential damages, less expenses saved in
>       consequence of the lessor's default or breach of
>       warranty.

11A V.I.C. § 2A-519(4). Consequential damages are defined as "injury to person . . . resulting from any breach of warranty." 11A V.I.C. § 2A-520(b).

Budget has neither admitted nor denied the existence of any express or implied warranty in the rental agreement. Indeed, Budget does not even argue whether or not there are any material facts in dispute with regards to the elements for the breach of warranty claims. Rather, Budget argues that the Plaintiffs cannot maintain a claim for breach of contractual warranty because there is no privity of contract.

Generally, "a person must be in privity to a contract to sue for damages for breach of such contract." *Sanchez v. Innovative Tel. Corp.*, Civ. No. 2005-45, 2007 WL 4800351, *2 (D.V.I. Nov. 30, 2007). Similarly, courts have held that privity of contract is required for both breach of express warranty and breach of implied warranty claims. *See, e.g., Chiasson v. Winnebago Indus.*, 2002 WL 32828652, * 11 (E.D. Mich. 2002) (requiring contractual privity for breach of express warranty and implied warranty of

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 8

merchantability claims); *In re Masonite Corp. Hardboard Siding Prods. Liab. Litig.*, 21 F. Supp. 2d 593, 599 (E.D. La. 1998) ("Privity is required for both express and implied warranties.").

Article 2A specifically extends express and implied warranties to third-party beneficiaries.  Section 2A-216 provides:

> **Third-party beneficiaries of express and implied warranties**
> A warranty to or for the benefit of a lessee under this Article, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of warranty.

11A V.I.C. § 2A-216.  "Third party beneficiary status is a matter of contract interpretation; it extends only to those parties contemplated by the contract." *In re Masonite Corp.*, 21 F. Supp. 2d at 600; *see also Grand Street Artists v. General Elec. Co.*, 19 F. Supp. 2d 242, 253 (D.N.J. 1998) ("A plaintiff asserting third party beneficiary status must establish that the contract was made for the benefit of that third party within the intent and contemplation of the contracting parties.") (internal quotations omitted).  Without an intent by the contracting parties to benefit another, the third party is merely an incidental beneficiary without any contractual standing. *Id.*

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 9

To succeed on its claim, Budget must show that there is no privity with the Plaintiffs. Here, Budget has provided the rental agreement. The rental agreement provides protection for injured passengers where there is not a violation of a use restriction. Under the terms of the agreement, a use restriction is violated where an unauthorized driver operates the rental vehicle. At the time of the accident, DeWindt was operating the vehicle. There is no indication in the rental agreement that DeWindt was named as an authorized driver in the agreement. Similarly, there is no indication that DeWindt was named as an additional driver. Indeed, the rental agreement specifically states that there are no additional drivers. Thus, DeWindt's unauthorized operation of the vehicle violated a use restriction in the agreement. Accordingly, the Court finds no genuine dispute with the fact that DeWindt is neither an authorized driver, nor an intended beneficiary under the terms of the rental agreement.

Under these circumstances, the Plaintiffs have the burden of showing a genuine issue of material fact. *See Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985) (noting that once the moving party avers facts demonstrating an absence of a genuine issue of material fact, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 10

trial). To that end, the Plaintiffs argue that DeWindt was acting with the authority of Franklin Barnabas and therefore stood in his shoes while she was driving the mini-van. Significantly, the plaintiffs have presented neither a factual nor a legal basis to support that argument. Indeed, the evidence before the Court clearly indicates that Budget agreed to cover only those individuals contemplated in the agreement.[4] Specifically, the agreement only contemplated authorized drivers and their passengers. The Plaintiffs, as passengers in a rental car with an unauthorized driver, do not fall within any of those categories.

To the extent a plaintiff seeks to proceed on a contract claim as an intended beneficiary, there must be a provision in

---

[4] Although Franklin Barnabas was a party to the rental agreement, and therefore in privity with Budget, he was not in the vehicle when the accident occurred. Moreover, Franklin Barnabas' sole claim for loss of consortium was dismissed in *Banks v. Int'l. Rental & Leasing Corp.*, Civ. No. 2002-200, 2008 WL 501171 (D.V.I. Feb. 13, 2008). Even if the loss of consortium claim was not dismissed, it would not provide a basis for Franklin Barnabas to recover where Budget is not liable to his spouse. *See Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 438 (3d Cir. 1986) (noting that an individual cannot recover for loss of consortium in the absence of the defendant's liability to the injured spouse).

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 11

the contract that operates to the Plaintiff's benefit.[5] *See, e.g., O'Connor v. R.F. Lafferty & Co., Inc.*, 965 F.2d 893, 902 (10th Cir. 1992) (looking to the language of the agreement to discern evidence of any intent to benefit the party seeking third party intended beneficiary status). The Plaintiffs have failed to meet this burden. Under these circumstances, Budget is entitled to summary judgment on Count II. *See, e.g., Trient Partners I Ltd. v. Blockbuster Entm't Corp.*, 83 F.3d 704, 713 (4th Cir. 1996) (affirming a grant of summary judgment where the language of the agreement did not create any third party beneficiary obligations).

---

[5] While an intended beneficiary may recover under a contract, an incidental beneficiary, cannot. *See In re Nat'l. Molding Co.*, 230 F.2d 69, 72 (3d Cir. 1956) (noting that an incidental beneficiary does not have a right of action under a contract); Restatement (Second) of Contracts § 302, Illustration 2 (distinguishing between a direct beneficiary and an indirect beneficiary, who is at most an incidental beneficiary, has no rights to enforce a contact).

*Banks, et al. v. Int'l. Rental & Leasing Corp. d/b/a Budget Rent A Car*
Civ. Nos. 2002-200, 2002-201, 2002-202, 2002-203
Memorandum Opinion
Page 12

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine issues of material fact and that Budget is entitled to summary judgment as a matter of law on Count II of the Plaintiffs' complaint. An appropriate judgment follows.

                                        s/_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**